[Civ. No. 38362. Second Dist., Div. Two. Dec. 17, 1971.]

BEVERLY D. BROWN, Plaintiff and Appellant, v.
LEON BASIL BROWN, Defendant and Respondent.

## COUNSEL

Joseph M. Wapner for Plaintiff and Appellant.

Ronald K. Perry for Defendant and Respondent.

## OPINION

**FLEMING, J.**—Beverly Brown obtained a judgment of divorce from Leon Brown in May 1969, and one of the provisions of the judgment ordered that certain New Horizons stock "shall be divided equally" between Beverly and Leon. In July 1969 Beverly sold 475 shares of New Horizon stock for $11,680 and paid $1,086 of that amount to Leon. On 9 April 1970 the trial court ordered Beverly to pay Leon the unpaid portion of his half of the proceeds of the sale of the New Horizons stock ($4,754.)

Beverly has appealed the April order, contending the trial court was without jurisdiction to make the order. She argues that the original judgment contained no provision for enforcement of the order directing division of the New Horizons stock, and therefore the April order either modified the original judgment or amounted to a new judgment. Since the

original judgment had become final it could not be modified; and since a new trial had not been granted a new judgment could not be entered.

We do not accept Beverly's interpretation of the trial court's original judgment. The judgment of the trial court did not merely state the respective rights of the parties but it mandated an affirmative division of the stock. In its April order the trial court did not modify its judgment or create a new judgment, but it merely implemented the existing order to divide the stock.

■ Every court has power to compel obedience to its judgments and orders (Code Civ. Proc., §§ 128, subd. 4, 177), and a court of equity retains inherent jurisdiction to oversee and enforce execution of its decrees. (Witkin, Cal. Procedure (2d ed. 1970) Judgments, § 79, p. 3240; see, e.g. *Lesser & Son* v. *Seymour,* 35 Cal.2d 494, 500 [218 P.2d 536]; *Green Trees Enterprises* v. *Palm Springs Alpine Estates,* 66 Cal.2d 782, 788 [59 Cal. Rptr. 141, 427 P.2d 805]; *Vallelunga* v. *Gomes,* 102 Cal.App.2d 374, 382 [227 P.2d 550].) Under the circumstances it would have been reasonless for the trial court to bring about unnecessary litigation and delay an inevitable result by requiring Leon to initiate a new action against Beverly to obtain what was already his under the existing judgment. ■ Beverly's substantive rights were fully protected, for before issuance of the 9 April 1970 order the trial court gave Beverly an opportunity to present any counterclaim or defense which might have arisen since the original judgment was entered and which might have defeated Leon's right to immediate possession of half of the proceeds of the stock sale.

The order is affirmed.

Herndon, Acting P. J., and Compton, J., concurred.

A petition for a rehearing was denied January 18, 1972.