[Civ. No. 44230. Second Dist., Div. Three. Aug. 26, 1975.]

EVA GREENE DAY, Plaintiff and Respondent, v.
FLORENCE GREENE SHARP, Defendant and Appellant.

COUNSEL

William Elliott Viney and William P. Camusi for Defendant and Appellant.

Dryden, Harrington & Swartz, Jacob Swartz, James P. Collins, Jr., Lillick, McHose, Wheat, Adams & Charles, Carroll, Burdick & McDonough, and Harry C. Mabry for Plaintiff and Respondent.

OPINION

FORD, P. J.—In 1957 plaintiff, respondent herein, Eva Greene Day brought an action in the Superior Court of Los Angeles County to impress a constructive trust upon one-seventh of the residual estate of her stepmother, Mary Greene Wiswall, claiming that her stepmother had entered into an oral contract with Colonel Greene (plaintiff's father and Mary's husband) in which Mary agreed to leave her estate equally to plaintiff and the six children of Mary and Colonel Greene. The defendants included, among others, Mary's six children and the executors of her estate. On February 3, 1961, judgment was entered in favor of plaintiff. The judgment was affirmed by the Supreme Court of California on April 11, 1963. (*Day* v. *Greene,* 59 Cal.2d 404 [29 Cal.Rptr. 785, 380 P.2d 385, 94 A.L.R.2d 802].)

On February 3, 1966, plaintiff commenced an action in Arizona to enforce the California judgment. The trial judge dismissed plaintiff's complaint against one defendant in the Arizona action and granted summary judgment in favor of the other defendants. On appeal the Court of Appeals of Arizona held on January 28, 1970, that the California judgment, as it applied to William Cornell Greene, Florence Louise Greene Sharp, Clarence Kirk Greene and Charles Harrison Greene in their individual capacities, was entitled to full faith and credit. However, the Arizona court held that the California court lacked jurisdiction to render a judgment against George A. Wiswall, as executor of the estate of Mary Greene Wiswall, deceased, Clarence Kirk Greene, as executor and trustee, and Charles Harrison Greene, as executor. (*Day v. Wiswall,* 11 Ariz. App. 306 [464 P.2d 626, 633].) The parties hereto represent that the Arizona action is still pending.

On April 23, 1973, plaintiff filed a motion in the Superior Court of Los Angeles County to reduce the equitable decree entered in the California action in 1961 to a monetary judgment. As to defendant Florence Greene Sharp, plaintiff sought a monetary judgment in the sum of $123,072.97, together with interest, which principal sum was alleged to represent "one-seventh of the value of the moneys and properties received by . . . [Florence Greene Sharp] from the Estate of Mary Greene Wiswall." Plaintiff also sought an award of treble damages in the sum of $372,218.91 against defendant Florence Greene Sharp. By her motion plaintiff further sought to reduce the equitable decree as to defendant Charles Harrison Greene, in his capacity as trustee for defendants William Cornell Greene and Florence Greene Sharp, and as to defendant William Cornell Greene to a monetary judgment amounting to $81,504.93, together with interest, as against Charles Harrison Greene, as trustee, and $125,333.40, together with interest, as against William Cornell Greene, it being alleged that such sums represented one-seventh of the value of the moneys and properties respectively received by those defendants from the estate of Mary Greene Wiswall. Plaintiff also sought treble damages in the amount of $244,514.79 from defendant Charles Harrison Greene and in the amount of $376,000.20 from defendant William Cornell Greene.

At the hearing of the motion certain documentary evidence was introduced. The trial court made an "Order on Judgment" which provided in pertinent part as follows:

"1. The Court finds in favor of the plaintiff and that the Judgment in this case shall be and is hereby reduced to the specific monetary sums hereinafter set forth with respect to the defendants named herein:

"a. In favor of plaintiff and against defendant FLORENCE GREENE SHARP, in the amount of $124,072.97 plus interest thereon at 7% per annum from September 16, 1968, until paid;

"b. In favor of plaintiff and against defendant WILLIAM CORNELL GREENE, in the amount of $125,333.40 plus interest thereon at 7% per annum from September 16, 1968, until paid;

"c. In favor of plaintiff and against defendant CHARLES HARRISON GREENE, as Trustee for WILLIAM CORNELL GREENE and FLORENCE GREENE SHARP, in the amount of $80,076.37 plus interest thereon at 7% per annum from September 16, 1968, until paid.

"2. This Court shall and hereby does, retain jurisdiction of the within numbered case 692,673 to make such other and further orders and decrees as it may deem necessary or proper to carry out the provisions of this Judgment."

Thereafter, request having been made therefor, the trial court filed findings of fact and conclusions of law which were in pertinent part as follows:

"1. Judgment in this case was entered in favor of plaintiff EVA GREENE DAY on February 9, 1961, was duly affirmed on appeal by the California Supreme Court, became final upon the filing of the remittitur with this Court, and is a valid and subsisting Judgment.

"2. Said Judgment provided, among other things, in paragraph 1 thereof, that plaintiff EVA GREENE DAY have and recover against defendants, including defendants FLORENCE GREENE SHARP, WILLIAM CORNELL GREENE and CHARLES HARRISON GREENE, a one-seventh interest in all moneys and properties in the entire residual estate of Mary Proctor Greene Wiswall, deceased, which each of said respective defendants, including defendants FLORENCE GREENE SHARP, WILLIAM CORNELL GREENE and CHARLES HARRISON GREENE 'has received or will receive, or became or will become entitled to receive, individually, or as executor or testamentary trustee, under the terms of the will of Mary

Proctor Greene Wiswall, deceased, of November 10, 1954, or by reason of her death on November 27, 1955.'

"3. Said Judgment further, in paragraph 2 thereof, ordered the defendants, including defendants FLORENCE GREENE SHARP, WILLIAM CORNELL GREENE and CHARLES HARRISON GREENE, and each of them, to 'forthwith transfer and deliver to plaintiff one-seventh of all moneys and properties received to date by each of said respective defendants, individually, or as testamentary trustee under the terms of the will of said Mary Proctor Greene Wiswall of November 10, 1954, or by reason of her death, together with interest thereon at the rate of 7% per annum on said moneys and on the reasonable value of said properties from the date of this Judgment until transferred and delivered to plaintiff.'

"4. Said Judgment further, in paragraph 3 thereof, ordered that the defendants, including defendant CHARLES HARRISON GREENE, as Trustee, 'shall distribute directly to plaintiff EVA GREENE DAY one-seventh of the residue of all moneys and properties of the estate of Mary Proctor Greene Wiswall, deceased, as of the date of her death on November 27, 1955, including all those heretofore particularly mentioned, not theretofore transferred and delivered to plaintiff.'

"5. Said Judgment further, in paragraph 4 thereof, ordered that defendants FLORENCE GREENE SHARP, WILLIAM CORNELL GREENE and CHARLES HARRISON GREENE, and each of them, 'shall promptly transfer and deliver to plaintiff upon receipt thereof one-seventh of all other and further moneys and properties in addition to those theretofore transferred and delivered or distributed to plaintiff, received by said respective defendants individually, or as testamentary trustee under the terms of the will of said Mary Proctor Greene Wiswall on November 10, 1954, or by reason of her death.'

"6. Said Judgment further, in paragraph 7 thereof, contained the provision that this Court 'shall, and hereby does, retain jurisdiction of the within numbered case 692,673 to make such other and further orders and decrees as it may deem necessary or proper to carry out the provisions of this judgment.'

"7. Defendant FLORENCE GREENE SHARP received moneys and properties having a value of $868,510.79 from the estate of said Mary Proctor Greene Wiswall or by reason of her death and one-seventh of

said sum is $124,072.97 which sum became certain on September 16, 1968, and said defendant FLORENCE GREENE SHARP has not transferred to plaintiff any portion of said moneys or properties.

"8. Defendant CHARLES HARRISON GREENE as Trustee for defendants FLORENCE GREENE SHARP and WILLIAM CORNELL GREENE, received moneys and properties having a value of $560,534.59 from the estate of said Mary Proctor Greene Wiswall or by reason of her death and one-seventh of said sum is $80,076.37 which sum became certain on September 16, 1968, and said defendant CHARLES HARRISON GREENE has not transferred to plaintiff any portion of said moneys or properties.

"9. Defendant WILLIAM CORNELL GREENE received moneys and properties having a value of $877,333.80 from the estate of said Mary Proctor Greene Wiswall or by reason of her death and one-seventh of said sum is $125,333.40 which sum became certain on September 16, 1968, and said defendant WILLIAM CORNELL GREENE has not transferred to plaintiff any portion of said moneys or properties."

Florence Greene Sharp was the only defendant who filed a notice of appeal from the "Order on Judgment."

■ At the outset we address ourselves to the question of the trial court's jurisdiction to render the order sought to be reviewed herein. "Jurisdiction over a cause or parties after a final judgment, order or decree is exceptional and limited to special situations. The most obvious is a statement in the judgment reserving power to modify." (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 286, p. 827.) In the case presently before this court the trial court in its judgment expressly retained jurisdiction "to make such other and further orders and decrees as it may deem necessary or proper to carry out the provisions of this judgment."

In *United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.,* 1 Cal.3d 586 [83 Cal.Rptr. 418, 463 P.2d 770], the trial court found that defendants' negligence had resulted in damage to plaintiff in the sum of $137,606.20 as of the date of the conclusion of the trial but also found that defendants were liable on additional unsettled claims. The trial court reserved continuing jurisdiction "to amend the judgment to insert the amount of the additional sums . . . when the amounts were determined." With respect to the question of the propriety of the trial court's reservation of jurisdiction the California Supreme Court stated (1 Cal.3d 586 at p. 599):

"Question: *Did the court err in reserving jurisdiction to amend its judgment to include further damages?*

"*No.* The claimants were known, the claims were in the process of settlement, and plaintiff's liability therefor had been adjudicated in the rescission action. Section 3283 of the Civil Code provides that 'Damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof, or certain to result in the future.' The court could have required plaintiff to file another law suit to recover these further sums, or it could have estimated the ultimate amount thereof. Reservation of jurisdiction over a cause or parties after a final judgment is exceptional but may be exercised in special situations. (1 Witkin, Cal. Procedure (1954) Jurisdiction, § 192.) The procedure adopted was appropriate and was within the jurisdiction of the trial court." (See *City of Pasadena* v. *City of Alhambra*, 33 Cal.2d 908, 936-937 [207 P.2d 17]; *Lord* v. *Superior Court*, 27 Cal.2d 855, 858 [168 P.2d 14].)

In 1961 when judgment was entered in this case, determining defendants' liability to plaintiff on a theory of constructive trust with respect to defendants' respective shares in the residual estate of Mary Greene Wiswall, there had been no determination of the extent and nature of defendants' shares since the Arizona estate of Mary Greene Wiswall was not finally settled until 1968. Moreover, it is to be noted that the California decree also embraced "moneys and properties" received by defendants "by reason of her [Mary Greene Wiswall's] death," aside from distributions in the course of the probate proceedings. Accordingly, the trial court properly retained jurisdiction so as to do full and final justice between plaintiff and the defendants without the necessity of filing a new action. (See *Gonzales* v. *Internat. Assn. of Machinists*, 213 Cal.App.2d 817, 820-821 [29 Cal.Rptr. 190].)

■ As was said by the court in *Klinker* v. *Klinker*, 132 Cal.App.2d 687, at page 694 [283 P.2d 83]: "The jurisdiction of a court of equity to enforce its decrees is coextensive with its jurisdiction to determine the rights of the parties, and it has power to enforce its decrees as a necessary incident to its jurisdiction. ■ Except where the decree is self-executing, jurisdiction of the cause continues for this purpose, or leave may be expressly reserved to reinstate the cause for the purpose of enforcing the decree, or to make such further orders as may be necessary. [Citations.] ■ A court of equity can mold its decrees to suit the exigencies of the case. [Citation.] Where equity has acquired jurisdiction

for one purpose, it will retain that jurisdiction to the final adjustment of all differences between the parties arising from the causes of action alleged. [Citations.] ■ Where a court has taken jurisdiction of a suit in equity it may determine all legal as well as equitable issues in order to completely dispose of the matters in controversy. [Citations.]" (See *Brown* v. *Brown,* 22 Cal.App.3d 82, 84 [99 Cal.Rptr. 311]; *Ecker Bros.* v. *Jones,* 186 Cal.App.2d 775, 785-787 [9 Cal.Rptr. 335].)

■ In support of her motion plaintiff introduced in evidence certified copies of documents from the record in the Arizona probate proceedings, including copies of the 7th through 15th accountings, the 15th being the final accounting, and orders thereon, receipts from certain distributees, a supplemental inventory and appraisement and certain minute orders of the court. Defendants introduced no evidence in opposition to plaintiff's motion. The 7th through 15th accountings and the orders thereon approving those accountings indicate that defendant and appellant Florence Greene Sharp received the sum of $68,510.79 in cash in estate distributions. Florence Greene Sharp does not dispute the fact that she received the sum of $68,510.79 from her mother's estate, nor does she dispute plaintiff Eva Greene Day's right to one-seventh of that sum pursuant to the California judgment herein. However, as to the additional sum of $800,000 which the trial court found defendant Florence Greene Sharp received from the estate of her mother "or by reason of her death," defendant contends that the finding with respect thereto "is not supported by any competent evidence." A review of the record reveals that the only matter introduced by plaintiff to show that defendant received money and property in the amount of $800,000 was that contained in an appendix to the 15th and final accounting of the executor (exh. B-9). That appendix consisted of a 13-page narrative account of the various services performed by George A. Wiswall, executor of the estate of Mary Greene Wiswall, and his attorneys presented in support of their applications for the allowance of substantial extraordinary fees. The appendix covered extensive services performed with respect to a great variety of estate matters, suits and problems. Under a category of the appendix entitled "General" the following statement was made:

"The executor and the attorney are claiming a commission upon the items set forth in the supplemental inventory and appraisement for the reason that the executor and the attorney were involved to a very considerable extent with the items set forth in the supplemental inventory and there have been numerous efforts made to delete the said

and so-called 'Mexican stocks' from accountings and inventories but that these efforts were to a considerable extent made after the children of the decedent, had, in fact, assigned, sold or conveyed hereditary interests in said assets and for sums of money which your executor has been informed and on information and belief alleges were as follows:

| | | |
|---|---|---|
| Florence Greene Sharp | | $800,000.00 |
| Clarence Kirk Greene | | 800,000.00 |
| Frank Townsend | | 800,000.00 |
| Virginia Greene Sturdivant Miller | at least | 800,000.00 |
| Charles Harrison Greene | | 425,000.00 |

These amounts would indicate that the properties of the estate herein described as 'Mexican stocks' had a value of at least the amounts set forth in the supplemental inventory and perhaps had a value well in excess of that figure."

█ A trial court may properly take judicial notice of the records of any court of record of any state of the United States. (Evid. Code, § 452, subd. (d); *Flores* v. *Arroyo*, 56 Cal.2d 492, 496-497 [15 Cal.Rptr. 87, 364 P.2d 263].) But, as is stated in Jefferson, California Evidence Benchbook (1972) Judicial Notice, section 47.3, at page 840: "Caveat: *Limitations on judicial notice of court records.* What is meant by taking judicial notice of court records? There exists a mistaken notion that this means taking judicial notice of the existence of facts asserted in *every document* of a court file, including pleadings and affidavits. However, a court *cannot* take judicial notice of *hearsay allegations* as being true, just because they are part of a court record or file. A court may take judicial notice of the *existence* of each document in a court file, but can only take judicial notice of the truth of facts asserted in documents such as orders, findings of fact and conclusions of law, and judgments."

█ The 15th and final accounting was verified by James F. McNulty, Jr., as one of the attorneys for the executor, George A. Wiswall. Aside from the fact that the appendix was incorporated in that accounting by reference, it did not purport to be in the form of an affidavit or declaration and in fact it was not even signed by George A. Wiswall, the executor. The particular statement on which plaintiff relied with respect to the sum allegedly received by defendant Florence Greene Sharp for her hereditary interest in the so-called "Mexican stocks" was made on the *executor's* "information and belief." In *Riviello* v. *Journeymen Barbers etc. Union*, 88 Cal.App.2d 499, at page 503 [199 P.2d 400],

the court stated: "It is well settled that affidavits made upon information and belief as to facts that have transpired are hearsay and must be disregarded." (See *Franklin* v. *Nat C. Goldstone Agency*, 33 Cal.2d 628, 631 [204 P.2d 37]; *Sheard* v. *Superior Court*, 40 Cal.App.3d 207, 212 [114 Cal.Rptr. 743].) The statement in the appendix as to the sum of money received by Florence Greene Sharp for her hereditary interest was clearly hearsay which should have been disregarded by the trial court.[1]

However, plaintiff contends that "[t]he complained of statement was approved by the order of final distribution [exh. B-9a] in the Estate of Appellant's Mother, which Order both appellant and respondent agree is to be afforded full faith and credit." Thus plaintiff takes the position that since the Arizona court, in its "Order Approving Fifteenth and Final Accounting, and of Distribution" (exh. B-9a), approved the executor's and attorneys' claims for extraordinary services, "all as appears in an appendix attached to said fifteenth and final accounting," that order became a binding determination with respect to the value of the so-called "Mexican stocks." The appendix submitted in support of the Arizona executor's and his attorneys' requests for extraordinary fees is 13 pages long and covers extensive services rendered in some 14 separate categories of estate business, including creditors' claims, various suits, tax problems, etc. The fact that the Arizona court granted the extraordinary fees as prayed did not constitute a factual determination with respect to

---

[1]In her brief plaintiff Eva Greene Day has asked this court to take judicial notice of "certain documents which respondent believes shed further light on this appeal and which were not in possession of respondent's counsel at the time of the hearing below." With one exception, however, those documents, if found to be competent evidence, would do no more than lend support to an inference that Florence Greene Sharp did indeed sell her hereditary interest in Mexican assets to which reference is made under the designation of the "Mexican stocks." Such evidence would leave unresolved the question of how much in terms of money Florence Greene Sharp received for her hereditary interest in those assets. Consequently, recourse to the doctrine of judicial notice would serve no purpose upon this appeal.

The exception to which reference is made in the preceding paragraph is a purported excerpt from the testimony of George A. Wiswall given at the hearing with respect to the 15th accounting, which excerpt is in part as follows: "Q. (By Mr. McNulty:) What are the amounts of moneys these heirs received from the sale of their interests in these Mexican stocks and the Ranchos de Cananea? A. In round figures I have expressed them in this summary that's attached to the accounting. In the case of Florence Greene Sharp, $800,000.00 . . . ." But aside from the question as to whether such testimony would fall within the ambit of judicial notice (see Jefferson, Cal. Evidence Benchbook (1972) Judicial Notice, § 47.3, p. 840, quoted in the body of this opinion), the appendix to the accounting indicates that Mr. Wiswall had no personal knowledge with respect to the amount of money received by Florence Greene Sharp and that he only related hearsay.

the value of the "Mexican stocks," nor did it change the hearsay nature of the executor's statement with respect to that value.[2]

■ Appellant contends that "[t]he order of final distribution in the Arizona Estate of Mary Greene Wiswall is res judicata on Respondent's motion herein." Appellant also contends that "the doctrine of collateral estoppel . . . bars a determination on the motion herein that appellant received any property from the Arizona Estate, when the order of distribution in the Arizona Estate does not distribute any property to her."

■ Under the doctrine of res judicata a former judgment operates as a bar against a second action on the same cause between the same parties. (*Todhunter* v. *Smith,* 219 Cal. 690, 694-695 [28 P.2d 916]; *Lortz* v. *Connell,* 273 Cal.App.2d 286, 296-297 [78 Cal.Rptr. 6].) It is manifest that the doctrine of res judicata is inapplicable in this matter. ■ Under the concept of collateral estoppel, in a later action on a different claim or cause of action the prior judgment operates as an estoppel or conclusive adjudication as to whatever issues in the second action were actually litigated and determined in the first. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.,* 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439]; *Melendres* v. *City of Los Angeles,* 40 Cal.App.3d 718, 730 [115 Cal.Rptr. 409]; *Estate of Cates,* 16 Cal.App.3d 1, 20-22 [93 Cal.Rptr. 696].) As stated in *Bleeck* v. *State Board of Optometry,* 18 Cal.App.3d 415, at page 428 [95 Cal.Rptr. 860]: "The cited decisions make it clear, however, that the issue itself must have been previously determined in order to foreclose the litigation of such issue in a subsequent action. In other words, a party may not be permitted to introduce new or different evidence to relitigate a factual issue which was presented and determined in a former action. However, the particular legal or factual issue must have been presented and determined in the former action in order for the doctrine to apply."

---

[2]On an appeal from the order approving the 15th and final accounting, Florence Greene Sharp (appellant herein) challenged the award of fees to the executor and his attorneys. The appellate court in *In re Estate of Wiswall,* 11 Ariz.App. 314 [464 P.2d 634, at pages 644-645], held that the basis of the executor's fees had to be redetermined because at the hearing "[t]estimony given by the executor on cross-examination indicated that all of the assets (cattle) of Ranchos de Cananea were in Mexico, that none were in Arizona, that there were no stock certificates in existence or in his possession evidencing the ownership interest, that he had nothing of a physical nature to distribute to the estate beneficiaries with respect to Ranchos de Cananea, and that he could not place a value upon the asset. [Fn. omitted.]" (*In re Estate of Wiswall, supra,* at p. 644.)

By her motion plaintiff sought, inter alia, "an order reducing the equitable judgment in this case with respect to defendant Florence Greene Sharp to a monetary judgment in favor of plaintiff and against said defendant in the sum of $124,072.97, plus interest thereon . . . which principal sum represents one-seventh of the value of the moneys and properties received by said defendant from the Estate of Mary Greene Wiswall . . . ." Defendant Florence Greene Sharp contends that the only issue presented by plaintiff's motion was the amount of money or property she (Florence Greene Sharp) received from the *Arizona probate estate* of her mother. She argues that the accountings and the final order of distribution show that appellant received only $68,510.79 from that estate and that under the doctrine of res judicata or of collateral estoppel the order of distribution is determinative as to the issue of how much she received from her mother's estate.

However, the California judgment provided in pertinent part as follows:

"IT IS ORDERED, ADJUDGED AND DECREED that plaintiff Eva Greene Day at the death of Mary Proctor Greene Wiswall on November 27, 1955, became, thereafter was, and now is, the owner of and entitled to a one-seventh undivided interest in the entire residual estate of said Mary Proctor Greene Wiswall, deceased, of whatsoever nature and wheresoever situated, including moneys and properties:

"(1) In the Matter of the Estate of Mary Greene Wiswall, aka Mary G. Wiswall, Deceased, No. 7243, in the Superior Court of the State of Arizona, in and for the County of Cochise;

"(2) In the Matter of the Estate of Mary Greene Wiswall, also known as Mary G. Wiswall, Deceased, No. 373,076, in the Superior Court of the State of California, in and for the County of Los Angeles;

"(3) In the Probate Proceedings involving the Estate of Mrs. Mary G. Wiswall, or Mary Greene Wiswall, including files numbered 126/58, 95/58 and 7/56, in the Court of First Instance of the Judicial District of Cananea, Sonora, Republic of Mexico; and

"(4) In any other estates and in any other properties of said Mary Proctor Greene Wiswall, deceased, of whatsoever nature and wheresoever situated.

"That plaintiff's aforesaid one-seventh undivided interest in the entire residual estate of Mary Proctor Greene Wiswall at the date of the death of decedent on November 27, 1955, as aforesaid, became impressed with a trust in favor of plaintiff, and any title or possession of said interest thereafter by any of the defendants herein was, is and shall be that of a trustee for the benefit of plaintiff herein.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff Eva Greene Day have and recover judgment against defendants Frank Townsend Greene, Florence Louise Greene Sharp, Clarence Kirk Greene, Charles Harrison Greene, Mary Virginia Greene Sturdivant Miller and William Cornell Greene, individually, and against Clarence Kirk Greene, Charles Harrison Greene, George A. Wiswall and Leo B. Ward, as executors and trustees, as follows:

"1. For one-seventh of the residual estate of Mary Proctor Greene Wiswall, Deceased, including the moneys and properties heretofore described, which each of said respective defendants has received, or will receive, or became or will become entitled to receive, individually, or as executor, or as testamentary trustee, under the terms of the will of Mary Proctor Greene Wiswall, deceased, of November 10, 1954, or by reason of her death on November 27, 1955."

It is this decree which plaintiff sought to reduce to a monetary judgment. The fact that she alleged that defendant Florence Greene Sharp received more from Mary Greene Wiswall's estate probated in Arizona than defendant Florence Greene Sharp actually received would not preclude plaintiff from making a showing as to other moneys or properties which comprised part of the *entire* residuary estate of Mary Greene Wiswall as to which the California court had awarded respondent a one-seventh interest. The Arizona court's order of distribution in the Estate of Mary Greene Wiswall only determined what the various heirs received by virtue of the Arizona probate proceedings. That order did not encompass the assets involved in the domiciliary Mexican estate or in the ancillary California estate, nor did it make any determination with respect to moneys or properties received by Florence Greene Sharp "by reason of her [Mary Greene Wiswall's] death on November 27, 1955," aside from those assets distributed in the Arizona probate proceedings. Accordingly, the doctrine of collateral estoppel does not preclude the parties from litigating the extent and nature of property received by defendant Florence Greene Sharp from the entire residuary estate of Mary Greene Wiswall or by reason of her death.

However, as has been explained, there was not sufficient evidence before the trial court to sustain the determination of the amount due from defendant Florence Greene Sharp to plaintiff in accordance with the judgment affirmed in *Day* v. *Greene,* 59 Cal.2d 404 [29 Cal.Rptr. 785, 380 P.2d 385, 94 A.L.R.2d 802]. Consequently, the cause must be remanded to the trial court for further proceedings in accordance with the governing law as set forth in this opinion.

The "Order on Judgment" is reversed and the cause is remanded for further proceedings not inconsistent with the opinion herein. Each party shall bear her own costs on this appeal.

Allport, J., and Potter, J., concurred.