[No. B007507. Second Dist., Div. Six. Dec. 20, 1985.]

LYDIA GARCIA et al., Plaintiffs and Appellants, v.
PAUL STERLING et al., Defendants and Respondents.

---

---

COUNSEL

Joel Diringer, Adrian S. Andrade and Andrade & Belasco for Plaintiffs and Appellants.

Ogle, Gallo & Merzon and William A. Booth for Defendants and Respondents.

---

OPINION

**ABBE, J.**—Plaintiffs appeal from an order directing them to pay $150 for attorney's fees and costs to defendants pursuant to Code of Civil Procedure section 128.5.[1] We reverse the order because the record does not support imposition of sanctions under that section and the judge failed to provide a detailed recital of the justifying circumstances as required by statute.

### PROCEDURAL HISTORY

California Rural Legal Assistance filed a complaint on behalf of plaintiffs, residents of farmworkers' rental housing, alleging that the premises were unsanitary, unsafe, and dilapidated in numerous respects and seeking various relief. One of the defendants filed a verified answer. Portions of the answer arguably conflicted with the defendant's earlier sworn deposition testimony.

---

[1] All further references are to the Code of Civil Procedure, unless otherwise specified.

Plaintiffs' counsel noticed a motion to strike certain portions of the answer on the ground of falsity pursuant to sections 436 and 437 because of those contradictions. Plaintiffs also moved for leave to file the transcript of defendant's deposition pursuant to section 2019, subdivision (f)(1). Section 2019, subdivision (f)(1) provides in pertinent part: "Depositions shall not be filed unless and until their contents become relevant to an issue in the trial or other pending proceedings at which time the court may order that the deposition or a copy thereof certified by the officer, reflecting any changes made by the witness, be filed as part of the record."

Defendant's responding opposition papers requested sanctions pursuant to section 128.5 on the ground that the motion to strike was ". . . totally devoid of merit, frivolous and not brought in good faith . . . ." Plaintiffs argued that the motion was properly based on matter which could be judicially noticed.

During the hearing, the court ordered the deposition transcript lodged, not filed.[2] The court then denied the motion to strike and imposed sanctions on the plaintiffs under section 128.5. As justification for the award, the order merely stated: ". . . Plaintiffs' Motion is frivolous and not based on good faith."

### DISCUSSION

A plaintiff may move to strike any part of an answer within specified time limits. (§ 435.) Upon such motion, a court may strike out any false matter inserted in any pleading. (§ 436.) The grounds for a motion to strike are limited to matters appearing on the face of the challenged pleading or matters which must or may be judicially noticed. (§ 437, subd. (a); Evid. Code, §§ 451, 452.)

A motion to strike which is not based on good faith and is frivolous may subject the moving party or that party's attorney to an award of sanctions pursuant to section 128.5. Section 128.5, subdivision (a), provides in pertinent part: "(a) Every trial court shall have the power to order a party or the party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay. Frivolous actions or delaying tactics include, but are not limited to, making or opposing motions without good faith. . . ." ■ A motion is frivolous and in bad faith where any reasonable attorney would agree such

---

[2]Despite the language of section 2019, subdivision (f)(1), providing for filing "as part of the record," the judge apparently believed the word "filed" merely meant "lodged."

motion is devoid of merit. (*Karwasky* v. *Zachay* (1983) 146 Cal.App.3d 679, 681 [194 Cal.Rptr. 292]; see *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179], considering § 907 regarding frivolous appeals.)

The comments of the judge at the hearing indicate that he concluded the motion was totally devoid of merit because he believed "false" within the meaning of section 436 meant ". . . false in the sense of sham; not false in the sense of not true . . ." and the court could not decide on a motion to strike ". . . what is true and untrue." Plaintiffs assert that the motion to strike was not frivolous or brought in bad faith since there was an arguable legal basis for it.

We agree that the motion to strike was without merit, but not for the reasons suggested by the judge at the hearing. In determining the meaning of "false" as used in section 436, the trial judge relied upon the historical interpretation of "sham" as used in former section 453, the predecessor to section 436. A 1982 statute both added section 436 and repealed section 453. The bill enacting the statute was amended during the legislative process to delete the word "sham" and substitute "false" in section 436. (Assem. Amend. to Sen. Bill No. 2766 (1981-1982 Reg. Sess.) June 9, 1982.) A legislative intent to change the law is presumed where one statute is repealed and another statute with different phraseology is enacted on the same subject. (Cf. *People* v. *Valentine* (1946) 28 Cal.2d 121, 142-143 [169 P.2d 1]; *Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 232 [273 P.2d 5].)

Moreover, where, as here, statutory language is unambiguous, courts should not indulge in statutory construction. (*In re Waters of Long Valley Creek Stream System* (1979) 25 Cal.3d 339, 348 [158 Cal.Rptr. 350, 599 P.2d 656].) "It is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed. [Citation.]" (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) A primary dictionary definition of the word "false" is "[c]ontrary to fact or truth." (The American Heritage Dict. (2d college ed. 1982) p. 488.)

Thus, a court may strike false, i.e., untrue, matters contained in a pleading whenever their falsity or untruthfulness is revealed by facts which are judicially noticed. (§§ 436, 437.) A court may properly take judicial notice of its own records. (Evid. Code, § 452, subd. (e).) However, this does not mean that a court may judicially notice the truth of the statements contained in a deposition transcript filed as part of its record.

" '. . . A court may take judicial notice of the *existence* of each document in a court file, but can only take judicial notice of the truth of facts asserted in documents such as orders, findings of fact and conclusions of law, and judgments.' " (*Day* v. *Sharp* (1975) 50 Cal.App.3d 904, 914 [123 Cal.Rptr. 918], citing 2 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) Judicial Notice, § 47.2, p. 1757.) Although the existence of statements contained in a deposition transcript filed as part of the court record can be judicially noticed, their truth is not subject to judicial notice. Consequently, the court could not conclude that any part of the defendant's answer was false based upon his allegedly conflicting deposition testimony.

Plaintiffs contend, however, that case law has established an exception to the statutory rules of judicial notice which permits a court to consider the pleading party's deposition or other sworn testimony when determining the truth or falsity of matters asserted in the party's pleadings. They cite several cases in support of this proposition: *Dawn* v. *Dixon* (1963) 216 Cal.App.2d 260, 265 [30 Cal.Rptr. 749]; *Del E. Webb Corp.* v. *Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604-605 [176 Cal.Rptr. 824]; *Scannell* v. *County of Riverside* (1984) 152 Cal.App.3d 596, 616 [199 Cal.Rptr. 644].

We view these cases as prime examples of the widespread misunderstanding of the scope of judicial notice of court records. A mistaken notion exists that taking judicial notice of court records means noticing " '. . . the existence of facts asserted in [all the documents in] a court file . . . a court *cannot* take judicial notice of *hearsay allegations* as being true, just because they are part of a court record or file. . . .' " (*Day* v. *Sharp, supra,* 50 Cal.App.3d at p. 914 [123 Cal.Rptr. 918], citing Cal. Evidence Benchbook, *op. cit. supra,* at p. 1757.)

For this reason, plaintiffs' motion could not succeed on the merits. ■ Nevertheless, it cannot be said that plaintiffs' motion was in bad faith and frivolous simply because plaintiffs' counsel followed those cases which in our view misstate or misapply the law regarding judicial notice of court records.

■ In discussing the appropriateness of imposing sanctions for a frivolous appeal, the Supreme Court stated that "an appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*In re Marriage of Flaherty, supra,* 31 Cal.3d 637, 650.) The court recognized the difficulty of distinguishing between frivolous and unmeritorious appeals, concluding that ". . . punishment should be used most sparingly to deter only the most egregious conduct." ■ It concluded that the appeal could not be deemed frivolous, since there was no evidence of subjective bad faith or improper motive and it was not unreasonable for appellant's

attorney to think the issues were arguable. (*Id.*, at pp. 650-651.) The same is true here regarding plaintiffs' motion.

In addition, the court failed to comply with the requirements of section 128.5 when it set out the basis for its order in conclusory terms. (See *Fegles* v. *Kraft* (1985) 168 Cal.App.3d 812, 816 [214 Cal.Rptr. 380]; cf. *M. E. Gray Co.* v. *Gray* (1985) 163 Cal.App.3d 1025, 1031, fn. 4 [210 Cal.Rptr. 285].) Section 128.5 mandates that "[a]n order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

The portion of the May 7, 1984, order directing plaintiffs to pay defendants $150 for attorney's fees and costs is reversed. Each party to bear their own costs on appeal.

Stone, P. J., and Gilbert, J., concurred.