Filed 12/5/23  In re A.A. CA4/2
*See Dissenting Opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.A., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E080907 |
| Plaintiff and Respondent, | (Super.Ct.No. SWJ2200217) |
| v. | OPINION |
| S.T., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael J. Rushton, Judge.  Dismissed.

Linda Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Prabhath Shettigar, Deputy County Counsel, for Plaintiff and Respondent.

1

Mother, S.T., appeals from an order made at a Welfare and Institutions Code[1] section 366.21, subdivision (e), hearing (six-month status review hearing), in which the juvenile court denied the mother's request for return of the child to mother's physical custody, finding that return would be detrimental to the welfare of the child. The Riverside County Department of Public Social Services (department) intervened on behalf of the child due to the parents' history of domestic violence, which posed a danger to the health and safety of A.A., who was under one-year of age at the inception of the case.

After jurisdiction was established under section 300, subdivision (b)(1), mutual restraining orders were issued. At the six-month review hearing, the court denied return of the child but authorized the department to proceed with a step-up plan for mother's eventual resumption of physical custody of A.A. Mother appealed.

On appeal, mother argues there is insufficient evidence to support the juvenile court's finding of detriment. The department has requested that we receive additional evidence on appeal respecting a postjudgment order continuing the child in out-of-home care due to mother's violation of the restraining orders and domestic violence between the parents. We treated the request as a motion for judicial notice of postjudgment

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise specified.

events,[2] which we have granted after requesting letter briefs from the parties on the issue of mootness. We now dismiss the appeal as moot.

## BACKGROUND

On March 26, 2022, the department responded to a referral relating to a domestic violence incident between the mother, S.T., and father, Aa.A., which started as a verbal argument and escalated to a physical altercation when father attempted to take the couple's then three-month old child, A.A., and mother attempted to prevent him from doing so. The minor was not injured in the altercation although mother sustained a minor scratch. Later, when interviewed by a social worker, she was observed to have a black eye, which she attributed to taking a "boxing class" with father. However, mother did not believe a restraining order was necessary.

Father had previously physically abused the minor's older half sibling (not his biological child) by spanking the child with sufficient force to leave bruises, in 2020. Father also has child welfare history respecting other children by a different mother. Mother also had prior child welfare history including a substantiated report of neglect respecting the older child, and the family law court awarded custody of that half sibling

---

[2] Our order granting judicial notice of the postjudgment documents did not, and could not, take judicial notice of hearsay contents of the documents, although we may consider the findings in the minute order from the later hearing. It is well settled that a court may take judicial notice of the existence of each document in a court file, but can only take judicial notice of the truth of facts asserted in documents such as orders, findings of fact and conclusions of law, and judgments. (*People v. Franklin* (2016) 63 Cal.4th 261, 280, citing *Day v. Sharp* (1975) 50 Cal. App. 3d 904, 914.) Judicial notice is taken of the filing and rendering of documents, not of the truth of the matters asserted therein. (*Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063-1064 [overruled on a different point in *In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1273].)

to her noncustodial father. In addition, mother has a mental health history involving an involuntary hold (§5150 et seq.) for a mood disorder.

Father and mother's history of domestic violence began in 2021, when mother was pregnant with the minor, A.A. Father was arrested for child abuse and neglect allegations were made in juvenile court as to mother respecting this incident. On May 4, 2022, an out-of-custody dependency petition was filed pursuant to section 300, subdivision (b)(1), which alleged mother had neglected A.A. by engaging in domestic violence with father, she had unresolved mental health issues, including depression and a mood disorder for which she was not receiving treatment, as well as several allegations against father.

Shortly after the petition was filed, the parents engaged in domestic violence and police were involved. Mother allowed father to move back into her residence despite the terms of the safety plan that had been put in place, and she acknowledged that she was dependent on father because she had lost her employment. Father informed the social worker he had the child with him and had filed an application for a temporary restraining order due to mother's violence, explaining that she had pulled a knife on him in their last altercation. Due to the department's concerns over mother's mental health, detention of the child was sought by way of a protective custody warrant, issued on May 9, 2022.

On May 12, 2022, a detention hearing was held after the child was picked up on the protective custody warrant, and the court ordered the child detained with his paternal grandmother. The court also issued mutual temporary restraining orders prohibiting contact between the parents. Regarding application of the Indian Child Welfare Act of

4

1978 (ICWA)[3], the court made inquiry of both parents, who also executed ICWA-020 forms, and found that ICWA does not apply. Also at the hearing, an amended petition was filed modifying allegation b-1 to indicate mother had violated the safety plan by allowing father to move back into her residence, as well as allegation b-4, in the same manner respecting father.

Prior to the jurisdiction hearing, an addendum report was submitted, with information regarding mother's participation in prejurisdiction services and her progress, including the results of the social worker's virtual home assessment of mother's home. Mother was compliant with services and had obtained a virtual psychiatric evaluation, which concluded mother posed no acute or imminent danger to herself or others. However, while investigating the allegations, the social worker received a video of mother stabbing a mattress with a knife, as well as documentation regarding the section 5150 hold in February 2022. Father also provided the social worker with other undated photographs to support allegations against the mother. The department concluded the child should remain in out-of-home placement due to concern the parents would continue to engage in incidents of domestic violence and not protect the child, creating a risk the child would suffer serious physical and emotional harm, to include death, if the child were left in the parents' care without intervention.

On July 13, 2022, the court conducted the jurisdiction hearing. The department agreed to strike some language from an allegation relating to father, so the court amended

---

[3] Title 25 United States Code section 1901 et seq.

the petition by interlineation. Both parents executed forms indicating they waived their trial rights (Judicial Council Forms, form 190) and wished to submit the case on the basis of the evidence contained in the social worker's reports. The court found the allegations of the amended petition true by a preponderance of evidence and declared the child to be a dependent. The court also found the circumstances under section 361, subdivision (c)(1) true by clear and convincing evidence as to both parents, and removed custody of the child from both parents, maintaining the child in his current placement.

The court ordered reunification services for the parents and authorized the department to liberalize visitation, which could include unsupervised, overnight, weekends, and placement on family maintenance based upon the parent's compliance in their case plan, if deemed appropriate. The court also granted the restraining orders for a duration of three years.

In its six-month status review report, the department recommended that the child remain a dependent placed in out-of-home care, and that services continue for an additional six months. It also recommended that unsupervised, overnight, weekend visits be authorized, and family maintenance for the parents based on their compliance with the case plan. The recommendation respecting mother was based on her current circumstances showing she was working full-time as a leasing agent, earning sufficient income to rent a one-bedroom residence, and reported no mental health issues. In addition, she had completed general counseling, a domestic violence program, and a parenting education program, and the psychiatrist who evaluated mother indicated that no

6

psychotropic medications were needed.  The child remained placed with the paternal grandmother who met all his medical, developmental, and emotional needs.

The report also indicated mother was visiting the child two days per week for eight hours, unsupervised, and that the department intended to evaluate her home for overnight visits.  Although the social worker indicated reunification was likely, the department needed to continue to assess the transition for the mother and child in order to reunify. The department thus recommended that services be continued because the risk to the child would be moderate if he was returned to the mother.

On February 9, 2023, the social worker filed an addendum report relating to the six-month status review hearing, recommending nonreturn of the child, but continuing to recommend liberalized visits and overnights.  The social worker reported that the evaluation of mother's home was completed and favorable.  There were no safety concerns identified, all the utilities were in working order, and the mother had appropriate provisions to meet the child's needs.  The mother was informed that overnight visitation could begin the following week, which happened.  However, further court involvement was recommended to monitor mother's progress and to assist in the transition from family reunification to family maintenance, when that occurred.

On February 16, 2023, at the six-month status review hearing (§ 366.21, subd. (e)), mother requested that the child be returned to her custody that day, due to her successful completion of court-ordered services, as well as the successful overnight visits. The court declined to order family maintenance at that hearing, but did order the department to continue to move forward with their step-up plan as indicated.  The court

thereafter adopted the department's recommendation of continuing the child in out-of-home placement, but it authorized the department to "liberalize visitation, which may include unsupervised, overnight, weekends and placement on family maintenance based upon the parent's compliance in their case plan, if deemed appropriate."

On March 14, 2023, mother appealed from the order made at the review hearing.

On August 2, 2023, the department made a motion to augment the record to include postjudgment evidence, which we treated as a request for judicial notice of the postjudgment hearing minute order from the July 10, 2023, 12-month status review hearing, at which the dependency was continued and the child was maintained in out-of-home placement. We requested that mother submit a supplemental letter brief on the question of whether the postjudgment events have rendered the appeal moot, but she failed to do so.

## DISCUSSION

Mother's appeal from the six-month review hearing alleges there is insufficient evidence to support the trial court's finding of detriment, which served as the predicate for not returning the child to mother's custody. However, in the meantime, the trial court made a subsequent finding of detriment and ordered the child maintained in out-of-home placement. We have not taken judicial notice of the information contained in the social worker's report, which also accompanied the department's motion that we receive postjudgment evidence, due to the hearsay nature of the contents of the report (see *In re Vicks* (2013) 56 Cal.4th 274, 314), because it was not before the trial court at the time of the hearing for the six-month status review. Nevertheless, based on the judicial action

8

taken at the later hearing, the department argues the issue of nonreturn at the initial review hearing has been rendered moot by subsequent events. We agree.

It is a court's duty, including in the dependency context ""to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 276, quoting *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863 (*Consolidated*).) A case becomes moot when events render it impossible for a court to grant the appellant any effective relief. (*San Bernardino County Bd. of Supervisors v. Monell* (2023) 91 Cal.App.5th 1248, 1262-1263, citing *In re D.P.,* at p. 276.)

For relief to be "effective," two requirements must be met. First, the appellant must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the appellant seeks. (*In re D.P., supra*, 14 Cal.5th at p. 276, citing *Consolidated, supra,* 27 Cal.2d at p. 865.) A reviewing court must "'decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding.'" (*In re D.P.,* at p. 276*,* quoting *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498; see also *In re Damian L.* (2023) 90 Cal.App.5th 357, 369, quoting *In re D.P.,* at p. 276.) Issues of justiciability, such as mootness, are generally reviewed de novo. (*In re D.P.,* at p. 276, citing *Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 319.)

Thus, the general rule is that "an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.  A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed."  (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404, quoting 9 Witkin, Cal. Procedure (4th ed. 1997) *Appeal*, § 642, p. 669.)

Juvenile dependency appeals raise unique mootness concerns because the parties have multiple opportunities to appeal orders even as the proceedings in the juvenile court proceed.  (*In re N.S.* (2016) 245 Cal.App.4th 53, 59.)  Due to the dynamic nature of juvenile dependency proceedings, a subsequent order of the juvenile court may render an issue on appeal moot.  (*In re M.F.* (2022) 74 Cal.App.5th 86, 110, citing *In re Karen G.* (2004) 121 Cal.App.4th 1384, 1390.)  The critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.  (*In re M.F.,* at p. 111, citing *In re N.S.,* at p. 60.)

There are situations where, applying a case-by-case analysis, a reviewing court will exercise discretion to resolve appeals that are technically moot if they present important questions affecting the public interest that are capable of repetition yet evade review.  (*In re Damian L., supra*, 90 Cal.App.5th at p. 369; *In re A.M.* (2013) 217 Cal.App.4th 1067, 1078-1079.)  Such situations may involve a jurisdictional or dispositional judgment or order which affects parental custody rights, curtails a parent's contact with his or her child, or has resulted in dispositional orders which continue to adversely affect a parent.  (*In re D.P., supra*, 14 Cal.5th at p. 278, & cases there cited.)

10

To determine justiciability, a reviewing court may consider evidence of postjudgment events or evidence developed after the ruling challenged on appeal, for the limited purpose of determining whether the subsequent development has rendered an appeal partially or entirely moot. (*In re Damian L., supra*, 90 Cal.App.5th at p. 369, citing *In re M.F.*, *supra*, 74 Cal.App.5th at p. 110 [taking judicial notice of minute orders from hearings that occurred after the challenged order]; & *In re Salvador M.* (2005) 133 Cal.App.4th 1415, 1422 [augmenting the record to show the issue on appeal was rendered moot by subsequent events in the juvenile court].)

Here, the order made at the six-month review hearing was to maintain the child in out-of-home placement while a step-up plan was in process, designed to aid the transition for mother and child in the resumption of child custody. The department had recommended the graduated transition because there was a moderate risk of harm to the child if immediately returned, despite mother's active participation in services. The more recent postjudgment order includes a finding of detriment, an order of nonreturn of the child to mother's custody, and a continuation of the dependency for an additional six months.[4]

---

[4] This order, based on a subsequent finding of detriment, was not appealed and is now final. Just as an unappealed disposition or postdisposition order that is final and binding may not be attacked on an appeal from a later appealable order (*Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1018, citing *In re Jesse W.* (2001) 93 Cal.App.4th 349, 355), an appeal from a six-month review hearing may not serve as a basis to vacate or modify an unappealed order or judgment made at a later hearing. We lack jurisdiction to reverse, vacate or modify a final, unappealed judgment or order.

11

Without considering the hearsay contents of the postjudgment information proffered by the department, the subsequent order maintaining the child placed out of the mother's home precludes us from providing effective relief even if we were to determine that the order was made in error, because the child was subsequently ordered to be maintained placed out of mother's home based on a current detriment finding. We further observe that the order made at the six-month status review is not the type of order that p resents an important legal question or affects public interest because it depends on specific factual findings. Nor is it likely to evade review because periodic review hearings continually reassess the existence of detriment and the current custody status, and may be—even *should be*—reviewed by way of writ. (See *In re Tania R.* (1995) 32 Cal.App.4th 447, 450-451.)

Due to the superseding order continuing the child in out-of-home placement, based on circumstances arising after the initial review hearing, there is no possibility of fashioning relief for mother, even if we were inclined to reverse.

### DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

I concur:

MILLER _____

J.

12

[*In re A.A.; DPSS v. S.T.*, E080907]

MENETREZ, J., Dissenting.

I do not believe that the appeal is moot. If we agreed with appellant that the detriment finding at the six-month review hearing was not supported by substantial evidence, then we could grant effective relief: We could vacate the findings and orders from that hearing and remand with directions to redo the hearing. The juvenile court could return the child at the redone hearing. The existing orders from the 12-month review hearing would not prohibit return at the redone hearing, just as they will not prohibit return at the 18-month review hearing.

The proceedings at the 12-month review hearing do, however, have consequences for this appeal. The evidence introduced at that hearing shows that any error at the six-month review hearing was harmless. Were we to find error, vacate, and remand with directions to redo the six-month review hearing, the new hearing would be conducted in light of current conditions, not on the old record from the original six-month review. And the 12-month status review report contains ample evidence that return would be detrimental. There is consequently no reasonable probability of an outcome more favorable to appellant, so any error was harmless. (*In re D.P.* (2020) 44 Cal.App.5th 1058, 1068.)

For the foregoing reasons, I would affirm rather than dismiss, and I therefore respectfully dissent.

MENETREZ
J.

1