Filed 7/7/15  D and S Homes v. Ludlow CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| D AND S HOMES, INC., | B257783 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LC100734) |
| v. | |
| JEFFREY LUDLOW et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. John P. Farrell, Judge.  Reversed with directions.

Henrichs Law Firm, John Henrichs for Plaintiff and Respondent.

Ray B. Bowen, Jr., for Defendants and Appellants.

D and S Homes, Inc., a California Corporation (D & S), filed this malicious prosecution action against Edmundo Bustamante and Tiffany Bustamante (the Bustamantes), Ray B. Bowen, Jr. (Bowen), and Jeffery Ludlow (Ludlow). The Bustamantes had sued plaintiff and others in connection with the purchase of their newly-constructed home, alleging that the home had been built by an unlicensed contractor (the Underlying Action). Bowen represented the Bustamantes in that lawsuit, and Ludlow notified the Bustamantes that the builder of their home was unlicensed and referred them to Bowen for legal advice. The Bustamantes lost the Underlying Action and were ordered to pay attorney fees of $1,019,013.59.

In the present litigation, the trial court denied the motions of Bowen and Ludlow brought under Code of Civil Procedure section 425.16.[1] We hold that the trial court improperly took judicial notice of the truth of the contents of documents from the Underlying Action, and D & S otherwise failed to sustain its burden to establish a prima facie case that it would prevail at trial, as required by section 425.16. Accordingly, we reverse and order the trial court to grant the motions and dismiss this litigation.

PROCEDURAL AND FACTUAL BACKGROUND

In its first amended complaint in this action against the Bustamantes, Bowen and Ludlow, D & S alleged that filing and maintaining the Underlying Action constituted malicious prosecution. In the Underlying Action, the Bustamantes had alleged that the contract to purchase their new home was a construction contract subject to the protections of Business and Professions Code section 7031 rather than a contract for purchase of a completed home not covered by that statute. Based on Bowen's (later discredited) interpretation of that statute, Bowen had prepared and filed on behalf of the Bustamantes the complaint in the Underlying Action, which included causes of action for fraud, negligent misrepresentation and conspiracy to commit fraud in connection with the

_____

[1] All further undesignated code section references are to the Code of Civil Procedure.

2

construction of their residence. The Underlying Action was the subject of a judicial reference under Code of Civil Procedure section 638, as provided for in the contract between D & S and the Bustamantes.[2] On appeal from the judgment in that action, Division Six of this court affirmed in a non-published decision, *Edmundo Bustamante, et al. v. T.O. IX, LLC, et al.* (July 10, 2012, B237167), holding that Business and Professions Code section 7031 was inapplicable as the contract was one for sale of a completed home rather than a contract for its construction, and the former was not subject to the provisions of that statute.

In the present litigation, D & S alleges that the Underlying Action "was commenced by or at the direction of the defendants named herein, was pursued to a legal conclusion favorable to D & S, was brought without probable cause and was not objectively reasonable. . . ." D & S further alleges that the Underlying Action was brought "with the intentional wrongful purpose of injuring [D & S]. . . ."[3]

Ludlow[4] and Bowen filed separate motions pursuant to section 425.16 which were

---

[2] Section 638 and California Rules of Court, rule 3.900 et seq., set out the procedure for a general reference. After the referee renders a statement of decision (§ 643), the trial court enters judgment as if the action had been tried by the court. (§ 644, subd. (a).) The judgment so entered is subject to appeal in the same manner as other judgments. (§ 645.)

[3] The elements required to establish a claim for malicious prosecution were set out in *Bisno v. Douglas Emmet Realty Fund 1988* (2009) 174 Cal.App.4th 1534, 1544, as follows: "To prevail on a claim for malicious prosecution, the plaintiff must show the prior action was begun with malice and without probable cause at the defendant's direction and was terminated in the plaintiff's favor. The probable cause element is objective, not subjective, with the trial court required to determine whether, on the basis of the facts known to defendant, it was legally tenable to bring the prior action. The benchmark for legal tenability is whether any reasonable attorney would have thought the claim was tenable. (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871.) Good faith reliance on the advice of counsel, after truthful disclosure of all the relevant facts, is a complete defense to a malicious prosecution claim." (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 53-54.)

[4] Appellant Ludlow was represented in the trial court in this action by appellant Bowen, as he is on this appeal.

3

heard together.[5] The trial court ruled that the moving parties met the first prong of the anti-SLAPP statute as "malicious prosecution causes of action fall within the purview of the anti-SLAPP statute." (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735.)[6] The trial court also concluded that D & S had established the required prima facie case and did have a probability of prevailing on the merits of each claim as to Ludlow and as to Bowen. Accordingly, the trial court denied each motion. Bowen and Ludlow filed a timely notice of appeal.

CONTENTIONS

Bowen and Ludlow contend the trial court applied the incorrect standard in ruling on their motions; erred in admitting into evidence for the truth of their contents most of the items on D & S's request for judicial notice; and erred in concluding that D & S had met its "second prong" obligation under section 425.16 to establish a probability of prevailing on its cause of action. Additionally, appellants contend the evidence in the record from the reference proceeding, if admissible, does not support a malicious prosecution action; the trial court erred in other evidentiary rulings; and it erred in not ruling that Bowen's advice of counsel defense was meritorious.

---

[5] Litigation brought under section 425.16 addresses "strategic lawsuits against public participation." The statute is commonly referred by the acronym "SLAPP" and motions under it are commonly referred to as "anti-SLAPP motions." An anti-SLAPP motion seeks to terminate well prior to trial litigation that is determined to be without merit and to be intended to chill the defendant's exercise of constitutional rights of free speech or petition for redress of grievances in connection with a public issue.

There are two steps or prongs in the analysis of motions under this section. If the defendant establishes in the first prong that the challenged cause of action arises from protected activity, the burden shifts to the plaintiff to establish in the second prong a prima facie case based on admissible evidence that it has a probability of prevailing on the claim at trial. If the plaintiff establishes such a prima facie case, the trial court denies the anti-SLAPP motion and allows the case to proceed to trial, denying the moving defendant an early termination of the litigation. (See § 425.16, subds. (a) & (b)(1); *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055-1056, and cases cited therein.)

[6] The record on appeal contains both the minute order for the date of the hearing and the reporter's transcript of proceedings that date.

4

DISCUSSION

*The nature of a section 425.16 motion and the standard of review*

"The Legislature [found and declared] that there [had] been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) These suits have been referred to as "Strategic Litigation Against Public Participation" or "SLAPP" suits. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 268, fn. 1.) In seeking to prevent the abuse of the judicial process through SLAPP suits, the Legislature enacted a specific procedure, found in section 425.16, by which defendants may dispose of such suits at the pleading stage to avoid the costs and delays of litigation. (*Id*. at p. 278.) This procedure is referred to as an anti-SLAPP motion. "'[T]he point of the anti-SLAPP statute is that you have a right *not* to be dragged through the courts because you exercised your constitutional rights.' [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 193.)

"A section 425.16 special motion to strike involves a two-step analysis. This includes determining first whether the plaintiff's cause of action arose from an act taken by the defendant in furtherance of the defendant's right of petition or free speech, and if it did so arise, then determining whether the plaintiff has shown a probability of prevailing on the claim in the complaint. The defendant bears the burden on the first question, and the plaintiff on the second. If the court determines the cause of action did not arise from such protected activity, the motion to strike must be denied. [Citations.]" (*Santa Monica Rent Control Bd. v. Pearl Street* (2003) 109 Cal.App.4th 1308, 1316-1317.)

"'As is true with summary judgment motions, the issues in an anti-SLAPP motion are framed by the pleadings. [Citations.] The plaintiff may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence. [Citation.] In reviewing the plaintiff's evidence, the court does not weigh it; rather, it simply determines whether the plaintiff has made a prima facie showing of facts necessary to establish its claim at trial. [Citation.]' [Citation.]" (*Paiva v. Nichols* (2008)

5

168 Cal.App.4th 1007, 1017.)  "'When reviewing a ruling on a defendant's section 425.16 special motion to strike a complaint, we employ our independent judgment.' (*Santa Monica Rent Control Bd. v. Pearl Street, supra,* 109 Cal.App.4th at p. 1317.)" (*Oviedo v. Windsor Twelve Properties, LLC* (2012) 212 Cal.App.4th 97, 109.)

*"Summary judgment-like" burden*

The parties did not dispute, and the trial court ruled, that defendants had met their first prong burden to establish that the present complaint for malicious prosecution implicates the right to petition, and thus that defendants had met their burden to establish compliance with the first prong of the anti-SLAPP statute.  The trial court correctly relied on the holding of our Supreme Court in *Jarrow Formulas, Inc. v. LaMarche*, that section 425.16 applies to malicious prosecution actions.  (*Jarrow Formulas, Inc. v. LaMarche, supra,* 31 Cal.4th 728 at p. 735.)   Addressing the second prong of the required analysis of anti-SLAPP motions, Bowen and Ludlow err in their contention that the trial court applied an incorrect standard when it stated during the hearing, and wrote in its tentative ruling, that analysis of the plaintiff's burden on this prong of the motion was a "[s]ummary judgment-like procedure."

Our Supreme Court has often used the phrase "summary judgment-like" as a shorthand to describe the analysis under the second prong of the anti-SLAPP statute.  For example, in *Varian Medical Systems, Inc. v. Delfino*, *supra,* 35 Cal.4th 180, our Supreme Court cited with favor prior decisions in which it had used this phrase to describe the process for determining anti-SLAPP motions:  "The Legislature enacted section 425.16 to prevent and deter 'lawsuits [referred to as SLAPP's] brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'  (§ 425.16, subd. (a).)  Because these meritless lawsuits seek to deplete 'the defendant's energy' and drain 'his or her resources' (*Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1074), the Legislature sought '"to prevent SLAPPs by ending them early and without great cost to the SLAPP target"' (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 65).  Section 425.16 therefore establishes a procedure

6

where the trial court evaluates the merits of the lawsuit using a *summary judgment-like* procedure at an early stage of the litigation. (See *Simmons, supra*, 92 Cal.App.4th at p. 1073.) In doing so, section 425.16 seeks to limit the costs of defending against such a lawsuit. (See *Equilon Enterprises, supra*, 29 Cal.4th at p. 65 [noting that the 'short time frame for anti-SLAPP filings and hearings' and the 'stay of discovery' pending resolution of the motion evidences the Legislature's intent to minimize the litigation costs of SLAPP targets].)" (*Id.* at p. 192 [emphasis added].) The same term is used in the same way in other cases decided by our Supreme Court and courts of appeal. (E.g., *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1122-1123; *Oviedo v. Windsor Twelve Properties, LLC, supra*, 212 Cal.App.4th at p. 109.)

The record establishes that the trial court had the understanding articulated in the cases cited above when it used the phrase "summary judgment-like procedure" to refer to the plaintiff's burden in this case, and to describe the analysis of the evidence presented on the second prong of these motions which it was supposed to conduct. There was no error in so describing the manner of analysis under the second prong of section 425.16; this contention lacks merit.

*The request for judicial notice and other evidence in the record*

To meet its second prong burden, D & S asked that the trial court take judicial notice of multiple documents (listed in the accompanying footnote)[7] for the truth of their

---

[7]    D & S filed its request for judicial notice in two volumes. In the first volume, it sought judicial notice of (1) the joint purchase agreement and escrow instructions for the Bustamantes' property; (2) the superior court complaint in the Underlying Action; (3) a 2008 minute order of the trial court in that action; (4) the Bustamantes' petition for writ of mandate seeking review of a pre-trial ruling in that action; (5) the order of Division 6 of this court summarily denying that writ petition; (6) the Bustamantes' petition for hearing in the Supreme Court after denial of this writ petition; (7) the Supreme Court's denial of the petition for review; (8) the Bustamantes' appellants' opening brief on their appeal from the judgment in that litigation; (9) Division Six's non-published opinion affirming the trial court's judgment (*Edmundo Bustamante, et al. vs. T.O. IX, LLC, et al.* (July 10, 2012 B237167)); (10) the referee's interim award and "judgment" in the reference proceeding; (11) uncertified pages of the trial transcript from three days of testimony in the reference proceeding; and (12) a declaration of counsel for D & S

7

contents.  It also offered into evidence a declaration of counsel for D & S by which that lawyer sought to provide certification of the reporter's transcripts of the reference proceeding which D & S included in its requests for judicial notice.  Three days prior to the hearing on the anti-SLAPP motions, D & S filed additional declarations by which it sought to establish that Bowen had made materially false statements to a court in an unrelated action.  Defendants made a timely oral objection to admission of these documents as being filed untimely, which objection was sustained.  Also, defendants had timely filed before the hearing, as a principal part of their reply briefs, objections and arguments, supported by case citations, as to why most of D & S's requests for judicial notice of the truth of the documents filed in or created in the reference proceeding (including in particular the uncertified transcripts of testimony taken there) should not be admitted for other than the fact of their existence and filing.[8]

D & S also filed written objections to evidence offered by Bowen and Ludlow.[9]  D & S did not make any objection to the request for judicial notice of documents requested by defendants.  The trial court granted this request for judicial notice.

---

seeking to authenticate certain transcripts of the reference proceeding.  In the second volume, D & S sought judicial notice of 10 days of testimony from the reference proceeding.  D & S later filed certified copies of some of these documents.

[8]     The minute order setting out the rulings made for this hearing states that there were no written evidentiary objections offered by plaintiff.  This is clearly a typographical error as there are numerous copies of the plaintiff's evidence objections in the record.  The trial court may have intended the sentence to refer to objections by defendants, but it is incorrect in any event as defendants' separate reply briefs in the trial court devote much of their analysis to reasons why the trial court should not grant judicial notice to the findings and conclusions of the referee or to the transcripts of testimony given in that proceeding, except as to the fact of their existence and their being filed in this action, as discussed in the body of this opinion.

[9]     California Rules of Court, rule 3.1354, which requires that objections to evidence be presented in a certain format, applies only to motions for summary judgment.  While appellants' argument that that rule applies to evidentiary objections made in connection with other motions is erroneous, it is otherwise of no moment in the analysis of the issues in this case as the "evidence" offered by D & S is not admissible for the reasons discussed in the text.

8

At the conclusion of the hearing, the trial court stated that the tentative ruling would become its final ruling and attached it to the minute order issued after the hearing. That ruling granted judicial notice "as to additional documents filed May 19, 2013 by Plaintiff as to being records and as to findings and rulings of court or arbitrator filed with court." While the minute order itself is unclear on whether the trial court also granted judicial notice to the larger group of documents in the two part request for judicial notice filed by D & S, our reading of the reporter's transcript of proceedings for the day of the hearing leads us to conclude that the trial court did grant judicial notice of all of the documents offered by D & S, and that in granting D & S's request for judicial notice of these documents, it admitted them for the truth of their contents.

We reach this conclusion for the following reasons. First, a plaintiff seeking to meet its obligation on the second prong of analysis of an anti-SLAPP motion must substantiate a legally sufficient claim; it "'must demonstrate that the complaint is both legally sufficient and is supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821, quoting *Matson v. Dvorak* (1995) 40 Cal.App.4th 539, 548.) And the evidence presented by a plaintiff to sustain its burden on the second prong must be admissible at trial. (*HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 212; *Roberts v. Los Angeles County Bar Assn.* (2003) 105 CalApp.4th 604, 613-614.)

Second, the burden of going forward on the second prong of an anti-SLAPP motion is on the plaintiff, here D & S (*Roberts v. Los Angeles County Bar Assn., supra*, at p. 616), and, without the "evidence" contained in the documents within D & S's requests for judicial notice being offered for the truth of the matters contained therein, D & S could not have met this second prong burden. (The only "evidence" it offered that was not contained in its two volume request for judicial notice was the declaration of its counsel seeking to "certify" the reference proceeding transcripts.) Thus, the trial court could not have denied the anti-SLAPP motions without first determining that D & S had met its second prong burden, and this could be met only if the "evidence" offered by

9

D & S was determined to be admissible for the truth of its contents. Bowen and Ludlow correctly contend that the trial court erred in so concluding.

To be admissible for judicial notice a matter must be within one of the categories described either in Evidence Code section 451 (mandatory judicial notice) or section 452 (permissive judicial notice). In general, as a substitute for other methods of proof, judicial notice is limited to matters which are indisputably true. (*Mack v. State Bd. of Ed.* (1964) 224 Cal.App.2d 370, 373.) Further, Evidence Code section 450 makes clear that "[j]udicial notice may not be taken of any matter unless authorized by law." Only section 452 has potential for application in this case. That section provides: "Judicial notice may be taken of the following matters . . . [¶] (c) Official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States. [¶] (d) Records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States. [¶] (h) Facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." Thus, while judicial notice can be a substitute for other forms of proof, it is limited to those things that are indisputably true. And, even if a court takes judicial notice of the fact that a document was filed in prior litigation or that certain factual findings were made in that litigation, the trial court in the later proceeding does not take judicial notice of the truth of those factual findings. (*Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 483-484.) This is illustrated well by many of the items which D & S sought to have admitted for the truth of their contents in this action.[10] The items may be grouped into the following categories for analysis: (1) transcripts of testimony in the reference proceeding; (2) pleadings and briefs filed in the Underlying Action together with petitions filed in the subsequent writ proceedings; (3) evidentiary materials (the purchase agreement for the Bustamantes' home); (4) records of actions taken in the Underlying Action (a minute order and the non-

---

[10]     These items are inventoried in footnote 7, *ante*, page 7.

10

published opinion of the Court of Appeal in the Underlying Action); and (5) the "Interim Award and Judgment" issued by the referee in the reference proceeding.

As Bowen and Ludlow argue, the transcripts of testimony from the reference proceeding are not certified and therefore are not admissible in any event. Moreover, they do not qualify under any of the subsections of section 452. Were they certified, arguably judicial notice could be taken of the fact of their existence, but they are not admissible for the truth of their content by means of judicial notice.[11] Nor is the purchase agreement in the Underlying Action admissible via judicial notice; it does not qualify under any subsection of Evidence Code section 452.

The various filings in the Underlying Action (including the complaint and minute order and the documents concerning attempts to obtain review of that order, as well as the non-published opinion from the appeal in the Underlying Action), are admissible as court records. (Evid. Code, §§ 452, subds. (c) & (d).) By their existence and the fact of their filing, these documents do tend to establish that, in the Underlying Action, Bowen (and arguably Ludlow) advocated a view of the application of the statute underlying the claims asserted in that action[12] which the Court of Appeal later determined was erroneous. However, these records do not support key elements of D & S's cause of action in this case: there is no viable inference from these records that the prior action was begun or maintained with malice and without probable cause. (*Bisno v. Douglas Emmet Realty Fund 1988, supra,* 174 Cal.App.4th at p. 1544.)

---

[11] Transcripts of testimony are most unlikely to qualify as matters "not reasonably subject to dispute" under Evidence Code section 452, subdivision (h) as, by their very nature, they are a *record of a dispute*. To be admissible for the truth of their content, they would have to come within an exception to the hearsay rule. D & S does not argue that they do or may. We therefore do not further consider this contention; nor do we suggest that they would meet any such exception.

[12] In *Edmundo Bustamante, et al. vs. T.O. IX, LLC, et al.* (July 10, 2012 (B237167)), Division Six of this court held that the contract for purchase of the new residence was a contract of sale rather than a construction contract and thus Business and Professions Code section 7031 was inapplicable. (*Id*. at 4 et seq.)

Further, it is error to take judicial notice of the truth of *contents* of briefs filed in the appellate courts or to take judicial notice of factual statements made in a prior appellate court opinion. (*Gilmore v. Superior Court* (1991) 230 Cal.App.3d 416.) The same reasoning applies to the statements of or conclusions reached by the referee in this case. "[A] court may take judicial notice that a prior order was entered, *but it may not take judicial notice of the truth of factual findings made therein.*" (*Steed v. Department of Consumer Affairs* (2012) 204 Cal.App.4th 112, 121; accord *Plumley v. Mockett* (2008) 164 Cal.App.4th 1031, 1050.) This is so because, as the court stated in *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548 (*Sosinsky*), "'Judicial notice substitutes for formal proof only because the matters judicially noticed are *not* reasonably *subject to dispute.*' (2 Jefferson, [Cal. Evidence Benchbook (Cont. Ed. Bar 2d ed. 1982) Judicial Notice,] at § 47.2, p. 1758 [italics in original].)"

D & S argues both that all of the documents which it submitted for judicial notice may be admitted for the truth of their contents and that the burden is on Bowen and Ludlow to "to submit admissible, competent evidence to the Court." These contentions are not supported by either the Evidence Code, as discussed above, or by the cases, to which we now turn.

The cases upon which D & S relies for these contentions are inapposite. D & S relies on *Evans v. Unkow* (1995) 38 Cal.App.4th 1490 (*Evans*), to support its claim that the burden is on Bowen and Ludlow to submit "admissible, competent evidence." However, the portion of *Evans* which D & S cites in support of this contention addresses evidence required on the second prong of the motion and discusses the plaintiff's burden rather than that of the defendant. Further, the Court of Appeal in that case points out that the evidence proffered on the second prong must be admissible. (*Id.* at p. 1497.) D & S also cites as support for its position a superseded opinion, the Court of Appeal opinion in *Reid v. Google*, ignoring that the decision of the Supreme Court at 50 Cal.4th 512 rendered the *Reid* opinion at 155 Cal.App.4th 1342 a nullity.

Several of the other cases upon which D & S relies have been distinguished or disagreed with by better reasoned later cases. For example, *Weiner v. Mitchell,*

12

*Silberberg & Knupp* (1980) 114 Cal.App.3d 39 (*Weiner*) was distinguished in *Sosinsky, supra*, 6 Cal.App.4th at page 1564. The extent to which a court may take judicial notice of factual findings made by a judge in a prior proceeding was expressly considered in *Sosinsky, supra*, 6 Cal.App.4th 1548. Also analyzing a malicious prosecution action, the Court of Appeal in *Sosinsky* specifically held that it would be improper to take judicial notice of the truth of findings of fact rendered in the prior proceeding; in that action, those "facts" were the predicate for the complaint in the later action. Instead, the *Sosinsky* court held that the proper ruling would be to judicially notice that the rulings in the prior case had been made as indicated; but that "is different from the taking of judicial notice that A's testimony must necessarily have been true simply because the judge believed A and not B. Indeed, if A's testimony consists of 'facts . . . that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy' (Evid. Code, § 452, subd. (h)), there would have been no need for a trial on the dispute between A and B in the first place." (*Id*. at p. 1565.) Nor may hearsay be treated as true simply because it is included in a court record that is properly noticed. (*Day v. Sharp* (1975) 50 Cal.App.3d 904, 914.)

D & S's reliance *on Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875 (*Lockley*), is also misplaced. In that case, the appellate court reversed the trial court, which had taken judicial notice of a "fact" which had not been determined in a prior adversary proceeding. (*Id*. at p. 883.) That ruling meant that the appellate court in *Lockley* did not have to then analyze whether the "fact" would have been admissible for the truth of its content under section 452 had it been determined in the prior adversary proceeding. Almost certainly, the issue of whether that "fact" would have been admissible for the truth of its content in the second proceeding would have been dependent upon its meeting other Evidence Code requirements, most likely qualifying for admission under one of the statutory exceptions to the hearsay rule. Here, to the extent D & S sought to have the trial court rely on the testimony given in the prior reference proceeding, *Lockley* makes clear that section 452 is not a sufficient basis for admission of such evidence for its truth. Had the transcripts of the reference

13

proceeding in the Underlying Action been certified, then the trial court here could have correctly taken judicial notice of the fact of their existence; but even then their admission for the truth of the matters testified to and recorded in those transcripts is governed by other provisions of the Evidence Code, most likely exceptions to the hearsay rule. Further, the *Lockley* court confirms that only facts which are indisputably true are a proper subject of judicial notice, criticizes *Weiner, supra*, 114 Cal.App.3d 39, and explains why *Sosinsky, supra*, 6 Cal.App.4th 1548, is the better reasoned decision. (*Lockley, supra*, 91 Cal.App.4th at pp. 884-885).

The particular difficulty which D & S faces in this case is that it has not presented a prima facie case as to two essential elements of its cause of action for abuse of process; as noted, the record is devoid of any evidence admissible at trial of malice or of lack of probable cause. D & S argues that there is evidence of malice "because [Bowen and Ludlow] continued to pursue the [Bus. & Prof. Code, § 7031] argument after losing on a demurrer and writ." While D & S correctly argues that malice may be inferred from circumstantial evidence and inferences drawn from that evidence, more is required than just lack of legal tenability of the prior action. (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1543, citing *Downey Venture v. LMI Ins. Co.* (1998) 66 Cal.App.4th 478, 494.) And, D & S's argument relies exclusively on testimony presented in the reference proceeding, but that testimony is not admissible by judicial notice for the reasons discussed above. Without admissible evidence, D & S cannot meet even the threshold required of it to defeat the anti-SLAPP motion.

In summary, D & S has not met its second prong burden to establish by admissible evidence its prima facie case of malicious prosecution. The trial court's reliance on the truth of the contents of the items proffered by D & S in its request for judicial notice, as noted above, was clearly contrary to the limited purpose for which such items may be

14

admitted as permitted by Evidence Code section 452, and constituted an abuse of discretion. The erroneous ruling was clearly prejudicial to Bowen and Ludlow.[13]

A plaintiff who fails to present admissible evidence that establishes a prima facie claim to relief on its complaint, fails to meet its burden under the second prong of section 425.16. (*Roberts v. Los Angeles County Bar Assn., supra*, 105 Cal.App.4th at p. 616.) That is the circumstance in this case: D & S pinned its evidentiary presentation on admission for the truth of their contents the transcripts of testimony in the reference proceeding. That strategy is fatally flawed. As a result D & S did not sustain its burden under section 425.16. For the reasons discussed, the trial court erred in concluding that D & S had done so.

---

[13] Resolution of this matter as discussed above moots the need to address any other contentions raises in the parties' briefs.

15

DISPOSITION

The order denying appellants' section 425.16 motion to strike is reversed.  The case is remanded to the superior court with instructions to grant the motion, dismiss the complaint with prejudice, and determine the issue of appellants' entitlement to attorney fees, if any.  Appellants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

GOODMAN, J.[*]

We concur:

TURNER, P.J.

MOSK, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16